UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-61026-CIV-ALTMAN

**MUSAB MOHAMED SALIH ALHUSSEIN**,

    *Plaintiff*,

v.

**BROWARD COUNTY** *and*
**ABDALLAH MUSA ALI**,

    *Defendants.*
_____/

## ORDER

    Musab Mohamed Salih Alhussein, an inmate at the Broward County Jail, has brought a civil rights complaint under 42 U.S.C. § 1983 against Broward County and an "FBI informant" named Abdallah Musa Ali. *See* Complaint [ECF No. 1]. Alhussein's Complaint is divided into seventeen allegations, centered around an alleged conspiracy between Broward County, Mr. Ali and his girlfriend, the FBI, the Department of Justice, and an unnamed insurance company, "to steal his financials and run identity theft against him." *Id.* at 6. After careful review, we **DISMISS** the Complaint *without* leave to amend because (1) Alhussein has failed *either* to pay the filing fee or to submit a legally sufficient motion to proceed *in forma pauperis*, and (2) his allegations are frivolous.

### THE LAW

    The Court "*shall* review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A (emphasis added). A "prisoner" includes "any person incarcerated or detained in any facility who is . . . accused of [or] convicted of . . . violations of criminal law." *Id.* § 1915A(c). In conducting its screening of a prisoner's complaint, the Court must "dismiss the complaint, or any portion of the complaint," when

it is (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted," or (2) "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

To state a claim upon which relief may be granted, a complaint's factual allegations "must be enough to raise a right to relief above the speculative level"—with "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). Under this standard, legal conclusions "are not entitled to the assumption of truth" and are insufficient to state a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Moreover, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* at 678 (internal quotation marks omitted).

Courts may dismiss a plaintiff's complaint for failure to comply with the Federal Rules, the Local Rules, or court orders. *See, e.g.*, *Brutus v. Int'l Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240–41 (11th Cir. 2009) ("The court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order."); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion."). And *pro se* litigants are not exempt from procedural rules. *See Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002) ("Despite construction leniency afforded *pro se* litigants, we nevertheless have required them to conform to procedural rules."); *see also Heard v. Nix*, 170 F. App'x 618, 619 (11th Cir. 2006) ("Although *pro se* complaints must be liberally construed, such complaints still must comply with the procedural rules governing the proper form of pleadings." (cleaned up)); S.D. FLA. L.R. 1.1 ("When used in these Local Rules, the word 'counsel' shall be construed to apply to a party if that party is proceeding pro se."). The Court may not assist a *pro se* plaintiff in constructing "a theory of liability from facts never alleged, alluded to, or mentioned" in the complaint. *Fils v. City of Aventura*, 647 F.3d 1272, 1284 (11th Cir. 2011). Instead, "to prevail on a particular theory of liability, a party must present that argument to the

district court." *Ibid.*; *see also GJR Inves., Inc. v. Cnty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998) ("Yet even in the case of *pro se* litigants this leniency does not give a court license to serve as de facto counsel for a party."), *overruled on other grounds by Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

## ANALYSIS

We'll start with a threshold issue: Alhussein hasn't paid the mandatory $402.00 filing fee—which includes both the $350.00 filing fee set by Congress and an additional $52.00 administrative fee imposed by our Court. *See* 28 U.S.C. § 1914(a) ("The clerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court . . . to pay a filing fee of $350[.]"); *King v. Carlton*, 2021 WL 1738766, at *2 (S.D. Fla. May 3, 2021) (Bloom, J.) ("The requirements for pursuing a civil rights action in federal court . . . [include] the payment of a $350.00 filing fee and a $52.00 administrative fee[.]" (cleaned up)). Allhussein's failure to pay the filing fee is, standing alone, sufficient grounds to dismiss his complaint. *See Castro v. Dir., Fed. Deposit Ins. Corp.*, 449 F. App'x 786, 788 (11th Cir. 2011) ("Parties instituting a civil action in district court are required to pay filing fees, and each district court, by local rule, may require advance payment of such fees. . . . [A] prisoner's case is subject to dismissal by the district court, *sua sponte*, if the filing fee is not paid[.]"); *see also, e.g., Fulmore v. Inch*, 2021 WL 3270058, at *1 (S.D. Fla. July 30, 2021) (Ruiz, J.) ("When a civil rights complaint is filed, the filing fee is due at the initiation of the action. . . . Accordingly, since the Plaintiff has not paid the filing fee at the initiation of this action . . . this case should be dismissed." (citing S.D. FLA. L.R. 88.2(a))).

But Alhussein's Complaint suffers from a more fundamental problem: It is patently frivolous. The Supreme Court has defined a "frivolous" action as a suit that "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "[A] court may dismiss a claim as factually frivolous only if the facts alleged are 'clearly baseless,' a category encompassing allegations that are

3

'fanciful,' 'fantastic,' and 'delusional.'" *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992) (quoting *Neitzke*, 490 U.S. at 325, 327–28).

Alhussein's Complaint easily meets this definition. In it, he alleges that his detention in the Broward County Jail is part of a vast conspiracy between various state and federal actors who are using his detention to steal his identity, distribute illegal drugs, and infect Alhussein with a dangerous disease. *See* Complaint at 7 ("The [FBI] have [hired] and allowed [Ali] to write false information and accusation on record of the Plaintiff, then the current court is executing the agent of my identity theft by denying my relless due to false accusation and introducing me to illness and denil of medical attention as punishment. . . . [Mr. Ali] have gain support of law makers and department of Justice employes by using driver licenses with my id number and supply them with drugs in exchang of thier support." (errors in original)).

These allegations (we think it goes without saying) are plainly "fanciful," "fantastic," and "delusional"—and we accordingly dismiss the Complaint as frivolous. *See, e.g.*, *Davis v. Kvalheim*, 261 F. App'x 231, 232–33 (11th Cir. 2008) (affirming the dismissal of a § 1983 complaint as "frivolous" when the plaintiff alleged that "[the defendants] conspired together to infiltrate the government in order to pass, enforce, and uphold fascist laws . . . [and then] attempted to extort money from him"); *Gary v. United States Gov't*, 540 F. App'x 916, 916–17 (11th Cir. 2013) (affirming the dismissal of a § 1983 complaint as "frivolous" where the plaintiff asserted that "high-level government officials" "drugged and assaulted her" before implanting microchips into her body "to track her movements, and to cause her pain"); *Bacon v. Pittman*, 2021 WL 2232614, at *1 (11th Cir. May 14, 2021) (describing § 1983 complaint as "wildly implausible" and "frivolous" after the plaintiff alleged that prison officials

engaged in "voodoo practices of hazing" and "poisoned [the plaintiff] by needles with ammonia"). Since Alhussein's allegations are similarly preposterous, the Complaint must be dismissed.[1]

One final point. Alhussein *also* suggests that, during his state criminal case, the state court violated his constitutional rights—though (again) these alleged "errors" are all part of the conspiracy theory we've already rejected as frivolous. *See* Complaint at 4 (claiming that the state court has "[denied] inperson attorney visits" and "lack[s] jurisdiction over the detanie" (errors in original)). In any event, this challenge to the "lawfulness of [his] confinement"—even if we could separate it from the Complaint's delusional ideations—isn't cognizable in a § 1983 proceeding and must instead be brought in petition for a writ of habeas corpus under 28 U.S.C. § 2241. *Hutcherson v. Riley*, 468 F.3d 750, 754 (11th Cir. 2006) (quoting *Hill v. McDonough*, 547 U.S. 573, 579 (2006)); *see also Johnson v. Chisolm*, 2009 WL 3481904, at *1 (S.D. Ga. Oct. 28, 2009) (Moore, C.J.) ("By seeking injunctive relief and, by implication, dismissal of his state charges and his immediate release from custody, Grant advances no cognizable § 1983 claim but instead is asserting a 28 U.S.C. § 2241 federal habeas claim.").

At the same time, any such § 2241 petition would likely be denied because Alhussein's state-court prosecution is still ongoing. *See State v. Alhussein*, No. 21-002550CF10A (Fla. 17th Cir. Ct. Mar. 17, 2021). In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court held "that federal courts should not interfere with pending state court criminal proceedings[.]" *Hughes v. Att'y Gen. of Fla.*, 377 F.3d 1258, 1261 (11th Cir. 2004). To prevail under § 2241, therefore, Alhussein would need to meet one of *Younger*'s three exceptions by showing that: "(1) there is evidence of state proceedings motivated by

---

[1] And we won't give Alhussein a chance to amend his frivolous Complaint because any such "amendment would be futile." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001); *see also, e.g., Gary*, 540 F. App'x at 918 ("Furthermore, we conclude that the district court did not abuse its discretion by not affording Gary an opportunity to amend her complaint because any amendment would have been futile, as none of Gary's allegations are credible or rational."); *Emrit v. Sec'y, U.S. Dep't of Educ.*, 829 F. App'x 474, 478 (11th Cir. 2020) ("Finally, because Emrit's claims were frivolous and an abuse of the judicial process . . . the district court similarly did not err in not granting Emrit leave to amend, since his amended pleading would still be subject to dismissal.").

bad faith, (2) irreparable injury would occur, or (3) there is no adequate alternative state forum where the constitutional issues can be raised." *Id.* at 1263 n.6. None of these exceptions applies here.

*First*, Alhussein's only "proof" of a bad-faith prosecution is his outlandish conspiracy theory—the crux of which is that state and federal officials only arrested him so that they could more easily steal his identity. *See* Complaint at 6–8. That's plainly insufficient to satisfy *Younger*'s "bad faith" exception. *See Hudson v. Hubbard*, 358 F. App'x 116, 118 (11th Cir. 2009) ("While [the petitioner] broadly claims that the district attorney and state trial judge acted in bad faith, *Younger* requires more. He must make a 'substantial allegation' showing bad faith." (citing *Younger*, 401 U.S. at 48)); *see also, e.g.*, *Taylor v. Castillo*, 2022 WL 1443239, at *2 (S.D. Fla. May 6, 2022) (Ruiz, J.) (finding no evidence of a bad-faith prosecution where the plaintiff "claim[ed] that this new prosecution was born through [the prosecutor's] animus"). *Second*, Alhussein's continued detention at the Broward County Jail is not, by itself, enough to show irreparable injury. *See, e.g.*, *Wayne v. Florida*, 2023 WL 3303199, at *2 n.2 (S.D. Fla. May 8, 2023) (Altman, J.) ("Pretrial detention based on a judicial determination of probable cause, without more, does not amount to irreparable injury." (cleaned up)). And, besides suggesting that the government is stealing his identity, he's made no other plausible claim of injury—irreparable or otherwise. *Third*, because Alhussein can raise all of his constitutional claims in state court "by either filing a proper motion in the state trial court or filing an appeal (or petition for writ of habeas corpus) in a state appellate court," he hasn't been deprived of an "adequate alternative state forum." *Id.* at *2; *see also Pompey v. Broward Cnty.*, 95 F.3d 1543, 1551 (11th Cir. 1996) ("[F]or abstention purposes, whether a claim would likely be successful on the merits in the state court is not what matters. Instead, what matters is whether the plaintiff is procedurally prevented from raising his constitutional claims in the state courts[.]").

## CONCLUSION

Accordingly, we hereby **ORDER AND ADJUDGE** that that the Complaint [ECF No. 1] is **DISMISSED** as frivolous. All pending motions are **DENIED as moot**. The Clerk shall **CLOSE** this case.

**DONE AND ORDERED** in the Southern District of Florida on June 5, 2023.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:    Musab Mohamed Salih Alhussein, *pro se*